*E-Filed 7/24/14*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

WILLIE WEAVER,

    Plaintiff,

  v.

WARDEN HEAPS, et al.,

    Defendants.

No. C 14-2719 RS (PR)

**ORDER TO SHOW CAUSE WHY PAUPER STATUS IS NOT BARRED**

Plaintiff, a state prisoner and frequent litigant in federal court, has filed a pro se civil rights complaint under 42 U.S.C. § 1983 and a motion to proceed *in forma pauperis* under 28 U.S.C. § 1915. Plaintiff is ordered to show cause on or before September 1, 2014 why 28 U.S.C. § 1915(g) does not bar pauper status.

The Prison Litigation Reform Act of 1995 provides that a prisoner may not bring a civil action or appeal a civil judgment under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). "Section 1915(g)'s

cap on prior dismissed claims applies to claims dismissed both before and after the [PLRA's] effective date." *Tierney v. Kupers*, 128 F.3d 1310, 1312 (9th Cir. 1997).

Under the law of the circuit, plaintiff must be afforded an opportunity to persuade the court that § 1915(g) does not bar pauper status for him. *See Andrews v. King*, 398 F.3d 1113, 1120 (9th Cir. 2005). *Andrews* requires that the prisoner be given notice of the potential applicability of § 1915(g), by either the district court or the defendants, but also requires the prisoner to bear the ultimate burden of persuasion that § 1915(g) does not bar pauper status for him. *Id. Andrews* implicitly allows the Court to raise *sua sponte* the § 1915(g) problem, but requires the Court to notify the prisoner of the earlier dismissals it considers to support a § 1915(g) dismissal and allow the prisoner an opportunity to be heard on the matter before dismissing the action. *Id.* A dismissal under § 1915(g) means that a prisoner cannot proceed with his action as a pauper under § 1915(g), but he still may pursue his claims if he pays the full filing fee at the outset of the action.

Here, plaintiff has had at least three prior prisoner actions or appeals dismissed by a federal court on the grounds that they are frivolous, malicious, or fail to state a claim upon which relief may be granted. *See* (1) *Weaver v. Pelican Bay State Prison*, No. C 04-3077 JW (PR) (N.D. Cal. May 18, 2005) (civil rights action dismissed for failure to state a claim upon which relief may be granted); (2) *Weaver v. Nimrod*, No. C 04-3154 JW (PR) (N.D. Cal. Dec. 14, 2004) (same); (3) *Weaver v. Pelican Bay State Prison Mail Room*, No. C 04-4784 JW (PR) (N.D. Cal. Jan. 5, 2005) (same); and (4) *Weaver v. Daniel*, No. C 05-1373 JW (PR) (N.D. Cal. May 9, 2005) (same).

Plaintiff therefore may proceed *in forma pauperis* only if he is seeking relief from a danger of serious physical injury which is "imminent" at the time of filing. *See Abdul-Akbar v. McKelvie*, 239 F.3d 307, 312 (3d Cir. 2001) (en banc); *Medberry v. Butler*, 185 F.3d 1189, 1192-93 (11th Cir. 1999); *Ashley v. Dilworth*, 147 F.3d 715, 717 (8th Cir. 1998); *Banos v. O'Guin*, 144 F.3d 883, 885 (5th Cir. 1998).

In light of these dismissals, and because plaintiff does not appear to be under imminent danger of serious physical injury, the Court now orders plaintiff to show cause why *in forma pauperis* should not be denied and this action should not be dismissed pursuant to 28 U.S.C. § 1915(g).  **Plaintiff's response to this order to show cause is due no later than September 1, 2014.**  The response must clearly be labeled "RESPONSE TO ORDER TO SHOW CAUSE."  In the alternative to showing cause why this action should not be dismissed, plaintiff may avoid dismissal by paying the full filing fee of $400.00 by the deadline.  **Failure to file a response by September 1, 2014 or failure to pay the full filing fee will result in the dismissal of this action without prejudice to bringing his claims in a new paid complaint.**

**IT IS SO ORDERED**.

DATED: July 24, 2014

RICHARD SEEBORG
United States District Judge