UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| WILLIE WEAVER, | No. C 14-2719 RS (PR) |
| Plaintiff, | **ORDER OF DISMISSAL** |
| v. | |
| HEAPS, et al., | |
| Defendants. | |

Plaintiff, a state prisoner proceeding pro se, filed this civil rights complaint under 42 U.S.C. § 1983. He also applied to proceed *in forma pauperis* ("IFP") under 28 U.S.C. § 1915.

The Court found that 28 U.S.C. § 1915(g) bars plaintiff from proceeding IFP in this action because plaintiff (1) has had three or more prior prisoner actions dismissed by a federal court on the grounds that they are frivolous, malicious, or fail to state a claim upon which relief may be granted; and (2) does not appear to be seeking relief from a danger of serious physical injury which is imminent at the time of filing. Pursuant to the law of this Circuit, plaintiff nonetheless was afforded an opportunity to persuade the Court that

§ 1915(g) does not bar pauper status for him. *Id.* (citing *Andrews v. King*, 398 F.3d 1113, 1120 (9th Cir. 2005)). The Court gave plaintiff over 80 days to show cause why § 1915(g) does not bar pauper status for him, and explained that failure to file a timely response or to pay the filing fee will result in the dismissal of this action without prejudice to bringing his claims in a new paid complaint.

Plaintiff has filed a response. In it, he does not challenge specifically the Court's determination that each listed dismissed action counts as a strike under § 1915(g), nor does he allege that he is in danger of serious physical injury which was imminent at the time of filing. Rather, he cites general case law, none of which is applicable to the situation he faces. In sum, plaintiff has not shown in his response to the Court's order to show cause, or anywhere else, that § 1915(g) does not bar pauper status for him in this prisoner action. Accordingly, this action is DISMISSED without prejudice to plaintiff bringing his claims in a new paid complaint. His motion to proceed IFP (Docket No. 3) is DENIED. The Clerk shall terminate any Docket No. 3, enter judgment in favor of defendants, and close the file.

**IT IS SO ORDERED**.

DATED: October 20, 2014

RICHARD SEEBORG
United States District Judge